1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11   TUAFONO TIATIA,                              Case No. 2:20-cv-08339-DDP-AFM

12                    Plaintiff,

13          v.                                    **ORDER DISMISSING COMPLAINT**
                                                  **WITH LEAVE TO AMEND**
14   DR. MARIO NAWAZ, *et al.*,

15                    Defendants.

16

17          On September 10, 2020, plaintiff, proceeding *pro se*, filed a civil rights

18   Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff also filed a Request

19   to Proceed Without Prepayment of Filing Fees, which subsequently was granted.

20   (*See* ECF Nos. 5-6.)   Plaintiff is a state prisoner presently incarcerated at the

21   California State Prison ("CSP-LAC") in Lancaster, California.  In his Complaint,

22   plaintiff names as defendants Dr. Nawaz at CSP-LAC, Dr. De La Torre, an

23   emergency doctor at Palmdale Regional Medical Center ("PRMC"), Dr. Parsa, a

24   neurosurgeon at PRMC, and Dr. Abumeri, a neurosurgery consultant at CSP-LAC.

25   (ECF No. 1 at 2.)  Plaintiff appears to be raising one claim arising from his medical

26   treatment for what was diagnosed on November 7, 2019, as a "subdural hematoma."

27   (*Id.* at 3.)  Plaintiff's only factual allegations are that he received an MRI that was

28   ordered by Dr. Nawaz.  Plaintiff was sent that same day to the emergency room at

1   the PRMC, where he had a CAT scan. At the PRMC, Dr. De La Torre and Dr. Parsa

2   "agreed to discharge" plaintiff that day. Afterwards, plaintiff was seen by

3   Dr. Abumeri "via Telemedicine" from CSP-LAC for neurosurgery consultations.

4   Plaintiff seeks an order to have CSP-LAC repeat the medical tests and obtain a

5   "second opinion by different doctors." Plaintiff also seeks monetary damages. (*Id.*)

6       In accordance with the mandate of the Prison Litigation Reform Act of 1995

7   ("PLRA"), the Court has screened the Complaint to determine whether the action is

8   frivolous or malicious; or fails to state a claim upon which relief may be granted; or

9   seeks monetary relief against a defendant who is immune from such relief. *See* 28

10  U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

11      The Court's screening of the pleading under the foregoing statutes is governed

12  by the following standards. A complaint may be dismissed as a matter of law for

13  failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or

14  (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v.*

15  *SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*,

16  791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should

17  be dismissed for failure to state a claim under [the PLRA], the court applies the same

18  standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining

19  whether the pleading states a claim on which relief may be granted, its allegations of

20  material fact must be taken as true and construed in the light most favorable to

21  plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However,

22  the "tenet that a court must accept as true all of the allegations contained in a

23  complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

24  (2009). Rather, a court first "discounts conclusory statements, which are not entitled

25  to the presumption of truth, before determining whether a claim is plausible."

26  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v.*

27  *United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept

28  as true a legal conclusion couched as a factual allegation or an unadorned, the-

1  defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243
2  (9th Cir. 2018) (internal quotation marks and citations omitted).

3  Since plaintiff is appearing *pro se*, the Court must construe the allegations of
4  the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Hebbe*
5  *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152,
6  1158 (9th Cir. 2008) (because the plaintiff was proceeding *pro se*, "the district court
7  was required to 'afford [him] the benefit of any doubt' in ascertaining what claims
8  he 'raised in his complaint'") (alteration in original).  Nevertheless, the Supreme
9  Court has held that "a plaintiff's obligation to provide the 'grounds' of his
10 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
11 recitation of the elements of a cause of action will not do. . . . Factual allegations
12 must be enough to raise a right to relief above the speculative level . . . on the
13 assumption that all the allegations in the complaint are true (even if doubtful in fact)."
14 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted,
15 alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure
16 to state a claim, "a complaint must contain sufficient factual matter, accepted as true,
17 to 'state a claim to relief that is plausible on its face.' . . . A claim has facial
18 plausibility when the plaintiff pleads factual content that allows the court to draw the
19 reasonable inference that the defendant is liable for the misconduct alleged." (internal
20 citation omitted)).

21 In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

22 A pleading that states a claim for relief must contain: (1) a
23 short and plain statement of the grounds for the court's
   jurisdiction . . .; (2) *a short and plain statement of the claim*
24 showing that the pleader is entitled to relief; and (3) a
25 demand for the relief sought, which may include relief in
   the alternative or different types of relief.
26

27 (Emphasis added).  Rule 8(d)(1) provides: "Each allegation must be simple, concise,
28 and direct.  No technical form is required."  Although the Court must construe a

3

*pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Further, to state a claim under the Eighth Amendment for constitutionally inadequate medical care, a prisoner must show that defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard -- that the deprivation was serious enough to constitute cruel and unusual punishment -- and a subjective standard -- deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted). First, to meet the objective element of a deliberate indifference claim, a prisoner "must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). Second, to meet the subjective element of a deliberate indifference claim, "a prisoner must

demonstrate that the prison official acted with deliberate indifference." *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted). Deliberate indifference may be manifest by the intentional denial, delay, or interference with a prisoner's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Following careful review of the Complaint, the Court finds that plaintiff's current pleading fails to state a claim under the Eighth Amendment for deliberate indifference in the provision of medical care and fails to comply with Rule 8 because it fails to state a short and plain statement of a legally sufficient claim that gives each defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order,**

**remedying the deficiencies discussed herein.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading, the Court will recommend that this action be dismissed without further leave to amend and with prejudice for failure to state a claim and failure to follow the Court's orders.[1]

Plaintiff's Complaint fails to state an Eighth Amendment claim and violates Rule 8 in that the pleading fails to allege a minimum factual and legal basis for its claim that is sufficient to give each individual defendant fair notice of what plaintiff's claim is and what factual allegations give rise to the claim(s) against each defendant.

First, plaintiff does not allege that any of the four named defendants took a specific action, participated in another's affirmative action, or failed to take a specific action that he or she was required to take that *caused* plaintiff to suffer a constitutional deprivation. Further, the Complaint fails to set forth any facts showing that any prison official denied plaintiff medical treatment at any specific time. To state a federal civil rights claim against a specific defendant, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute, and that the "deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and alteration in original). As currently pled, plaintiff's allegations fail to make clear what action by which defendant at what time *caused* a violation of plaintiff's federal civil rights. Accordingly, plaintiff's Complaint fail to comply with the requirement of Rule 8 that he set forth, simply, concisely, and directly, the actions that he alleges each individual defendant took or failed to take that *caused* plaintiff to suffer a deprivation of a right guaranteed under the United States Constitution. To the extent that plaintiff is purporting to allege that one or more defendants were deliberately indifferent to plaintiff's serious medical needs at some point in time, plaintiff's unsupported and conclusory allegations against a group of defendants are not entitled to a presumption of truth when the Court is determining whether the Complaint raises a plausible claim against a specific defendant, and the Court does not accept as true such "unadorned, the-defendant-unlawfully-harmed-me" accusations. *See, e.g., Salameh*, 726 F.3d at 1129; *Keates*, 883 F.3d at 1243.

Second, although plaintiff appears to be raising a claim under the Eighth Amendment for constitutionally inadequate medical care, it is not clear if plaintiff is alleging that the treatment that he received on November 7, 2019 -- at CSP-LAC or at the PRMC -- was inadequate, or if plaintiff is alleging that the subsequent consultations that he received at CSP-LAC were inadequate. It is not clear to the Court if plaintiff is alleging that he disagrees with the opinions of the medical professionals at CSP-LAC or at the PRMC, if he is alleging that the various doctors who have treated plaintiff's serious medical need have expressed different opinions, or if he is alleging that his serious medical condition was not adequately treated. Moreover, plaintiff does not allege that he has suffered any significant injury or pain since the diagnosis on November 7, 2019. In order to state a claim under the Eighth Amendment, plaintiff must set forth factual allegations raising a reasonable inference that he has continued to experience, or is again suffering from, a serious medical need such that the failure to treat his present medical need "will result in significant injury

or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081.  To the extent that plaintiff may be alleging that prison officials have delayed treatment for his serious medical condition, a mere delay in treatment, without a factual showing that the delay caused plaintiff to suffer further pain or injury fails to show a violation of the Eighth Amendment. *See, e.g., Shapley*, 766 F.2d at 407.  Additionally, to the extent that plaintiff may be alleging that he has a difference of opinion with his treating physicians, an inmate may not raise a claim under the Eighth Amendment based solely on his disagreement with his doctors.  Rather, plaintiff must set forth factual allegations that raise a reasonable inference that "the course of treatment the doctors chose was medically unacceptable under the circumstances" and "they chose this course in conscious disregard of an excessive risk to plaintiff's health." *See, Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020); *Toguchi*, 391 F.3d at 1058.

Plaintiff's Complaint does not set forth sufficient factual allegations to raise a reasonable inference that a defendant's decision on which treatment to provide for plaintiff or a defendant's failure to order treatment at a particular time "was medically unacceptable under the circumstances." *See Toguchi*, 391 F.3d at 1058.  If plaintiff decides to pursue any civil rights claim against any defendant in an amended complaint, then each claim he wishes to allege should clearly set forth which defendant(s) is alleged to be responsible for each alleged violation, and clearly and concisely set forth the factual allegations that are relevant to each claim.  Plaintiff's bald and conclusory allegations in the Complaint are insufficient to nudge a claim against any defendant arising from allegedly inadequate medical care "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

For these reasons, the Court finds that plaintiff's Complaint does not set forth sufficient factual allegations against any defendant to show "simply, concisely, and directly [the] events" that entitle him to damages from that defendant. *See Johnson*, 574 U.S. at 12.

Accordingly, the Court finds that plaintiff's Complaint fails to state a claim and fails to meet the minimal requirement of Rule 8 that a pleading allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court is mindful that, because plaintiff is appearing *pro se*, the allegations of the Complaint must be liberally construed and plaintiff must be afforded the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the factual grounds for each claim against each defendant. *Johnson*, 574 U.S. at 12. As currently pled, the factual allegations in the Complaint are insufficient to meet this requirement.

If plaintiff wishes to state any federal civil rights claim against any named individual defendant, then plaintiff should set forth a separate, short, and plain statement of the actions that each defendant is alleged to have taken, or failed to have taken, that *caused* each alleged violation of a right guaranteed under the federal Constitution or a federal statute. *See West*, 487 U.S. at 48.

************

If plaintiff still desires to pursue this action, **he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that

9

he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.  Further, if plaintiff feels that any document is integral to any of his claims, then he should attach such document as an exhibit at the end of the First Amended Complaint and clearly allege the relevance of each attached document to the applicable claim raised in the First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED:  9/23/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment:  Form CV-066
                     Form CV-009

10